**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
**FOR THE USE AND BENEFIT**
**OF STEEL SMITH INC.**                                      **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO.: 1:07cv1009-JMR**

**HOLLIDAY CONSTRUCTION LLC and**
**MISSISSIPPI SPACE SERVICES INC.,**
**and THE NATIONAL AERONAUTICS AND**
**SPACE ADMINISTRATION**                          **DEFENDANTS**

_____

<u>**MEMORANDUM OPINION**</u>:

      This matter is before the Court pursuant to a Motion [16-1] for Summary Judgment and to

Dismiss filed on behalf of the Defendant, Holliday Construction, LLC on March 16, 2009.

Defendant's Motion is accompanied by a Memorandum [17-1] in Support thereof.   Plaintiff filed

a Response [21-1] in Opposition on June 1, 2009.   The Court being fully advised in the premises,

and after carefully considering the pleadings filed as a matter of record, along with the applicable

law, finds that Defendant's Motion [16-1] for Summary Judgment and to Dismiss should be granted,

and Plaintiff's Miller Act claims be dismissed with prejudice and any other remaining claims

asserted by Plaintiff be dismissed without prejudice.

<u>**STATEMENT OF THE CASE**</u>:

      Plaintiff filed this action against the Defendants pursuant to the Miller Act, 40 U.S.C. § 3131,

*et. seq.*, which requires contractors that construct, alter or repair public buildings or public works of

the United States pursuant to a contract with the United States to secure performance bonds for the

protection of the United States and payment bonds for the protection of persons supplying labor and

material in the prosecution of the work provided for in the contract. 40 U.S.C. § 3131(b)(1) and (2). Plaintiff Steel Smith, Inc. seeks payment for labor and materials supplied pursuant to a subcontract with Holliday Construction, LLC ("Holliday"), the prime contractor to a contract with The National Aeronautics And Space Administration and Mississippi Space Services, Inc.

## FACTS:

Plaintiff, on or about May 17, 2005, entered into a subcontract with Holliday to furnish labor and/or materials on buildings 4010 and 3203 at the Stennis Space Center in Bay St. Louis, Mississippi ("the Project"). Holliday was prime contractor on the Project under contracts entered into with Mississippi Space Services ("MSS"). On August 10, 2007, Plaintiff filed the instant action alleging that it has not been paid by Holliday for the labor and/or materials supplied on the Project. (*See* Compl. [1-1].) Plaintiff seeks damages in the amount of fifty thousand U.S. dollars ($50,000.00) plus interest. *Id.* On March 26, 2008, Plaintiff voluntarily dismissed Defendant National Aeronautics And Space Administration and sought additional time in which to serve MSS with process. (*See* Mot. [7-1] Amend; Notice [8-1].) This Court granted Plaintiff until April 18, 2008 to serve MSS with process. (*See* TEXT ORDER ONLY March 28, 2008.) The record reveals that MSS has not been properly served, nor has it made an appearance in this action. *See* FED. R. CIV. P. 4(e).

Holliday filed the present Motion for Summary Judgment and to Dismiss on March 16, 2009. Plaintiff filed a Response in Opposition on June 1, 2009, claiming that "[t]his lawsuit was filed well before the expiration of the limitation period required by the Miller act." (*See* Resp. [21-1].) However, Plaintiff did not submit any affidavits or evidence in support of this assertion. Furthermore, Plaintiff wrote in its response that it "reserves the right to supplement this Response with both testimony by Affidavit and documentation..." *Id.*

On July 30, 2009, a status conference was held, wherein Plaintiff was ordered to present any documentation to support its claim opposing Holliday's pending dispositive motion. (*See* Minute Entry July 30, 2009.) After no response from Plaintiff, an Order to Show Cause was entered on October 19, 2009, again directing Plaintiff to present documentation in support of its claims opposing Holliday's pending dispositive motion. (*See* TEXT ORDER ONLY Oct. 19, 2009.) To date, Plaintiff has not responded to this Court's orders, nor has Plaintiff presented any documentation or evidence in support of its claims opposing Holliday's Motion [16-1] for Summary Judgment and to Dismiss.

## ANALYSIS:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

The Miller Act requires recipients of certain government construction projects to obtain a performance bond and a payment bond. The Act allows suppliers of labor and materials to bring civil actions on the payment bond for any amount unpaid after they complete their contractual obligations. *See* 40 U.S.C. § 3133(b)(1). The Act's purpose "'is to protect those who furnish labor and material for public construction and to insure that they will be paid for the same.'" *Graybar Elec. Co. v. John A. Volpe Constr. Co.*, 387 F.2d 55, 58 (5th Cir. 1967) (quoting *St. Paul Mercury Indem. Co. v. United States for Use of H.C. Jones Constr. Co.*, 238 F.2d 917, 921 (10th Cir. 1957)). The Miller Act "is highly remedial in nature and is 'entitled to a liberal construction and application in order to properly effectuate the Congressional intent to protect those whose labor and materials go into public projects.'" *United States use of Clark-Fontana Paint Co. v. Glassman Constr. Co.*, 397 F.2d 8, 10 (4th Cir. 1968) (quoting *Clifford F. MacEvoy Co. v. United States for Use and Benefit of Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944)).

The Act provides that suppliers of materials to subcontractors on federal construction projects may recover from the general contractor's payment bond any unpaid amount due from the subcontractor. 40 U.S.C. § 3133(b)(1). However, 40 U.S.C. § 3133(b)(4) provides:

Period in which action must be brought. An action brought under

this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

A claimant cannot commence suit under the Miller Act "after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him" in prosecution of the work provided for in the contract between the government and the prime contractor. *United States for Use of American Bank v. C.I.T. Constrc., Inc.*, 944 F.2d 253, 256 (5th Cir. 1991). This one-year statute of limitations is limitational and not jurisdictional; accordingly, a party may be estopped from relying on the one-year statute of limitations if sufficient equitable considerations exist to warrant estoppel. *Id.* Courts are to "liberally construe" the Miller Act to effectuate Congressional intent to provide security to persons contributing labor and materials to public works projects. *See United States for the use of T.M.S. Mechanical Contractors, Inc. v. Millers Mut. Fire Ins. Co.*, 942 F.2d 946, 950 (5th Cir. 1991).

The undisputed evidence before this Court reveals that June 28, 2006 was the last day that Plaintiff provided goods, materials or services to the Project. (*See* Ex. "1" Attach. Defs.' Mot. [16-2].) Therefore, Plaintiff had one year, or until June 28, 2007, to bring the present action. *See* 40 U.S.C. § 3133(b)(4). The record shows that this action was commenced on August 10, 2007, approximately forty-three (43) days past the statute of limitations deadline for filing. (*See* Compl. [1-1].)

Plaintiff has asserted that this lawsuit was filed well before the expiration of the statute of limitations period, however, Plaintiff has not presented any evidence in support of this assertion. (*See* Resp. [21-1].) Furthermore, the Court instructed Plaintiff on numerous occasions to submit evidence in support of his accusation, as well as gave Plaintiff since June 1, 2009, approximately ten (10) months time, to submit evidence. (*See* Minute Entry July 30, 2009; TEXT ORDER ONLY Oct. 19,

2009.) Plaintiff has chosen to ignore this Court's orders, and to date, Plaintiff has not submitted any evidence in support of his claims in opposition to Holliday's dispositive motion. As stated earlier, "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response." *Howard*, 783 F.2d at 1315 (*quoting Nicholas Acoustics Specialty Co.*, 695 F.2d at 845) Accordingly, the Court finds that Plaintiff provided its "last labor and/or materials" on or about June 26, 2006, and that Plaintiff's action filed August 10, 2007 is untimely.

Although Plaintiff has not argued for an equitable extension of the statute of limitations, the Court notes, as an aside, that a party may be estopped from relying on the one-year statute of limitations if sufficient equitable considerations exist to warrant estoppel. *See United States for the use of Texas Bitulithic Company v. Fidelity & Deposit Co.*, 813 F.2d 697, 700 (5th Cir. 1987). Estoppel is allowed because the Fifth Circuit has characterized the Miller Act one-year period as limitational, and not jurisdictional. *Id.* accord *American Bank*, 944 F.2d at 257; *United States for the use of Bernard Lumber Co. v. Lanier-Gervais, Inc.*, 896 F.2d 162, 164 (5th Cir. 1990). However, this Court has been presented with nothing in the present action that would warrant equitable tolling of the one-year statute of limitations.

To the extent Plaintiff has raised state law claims in his Complaint, this Court employs the discretion granted it in 28 U.S.C. § 1367(c)(3) and declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. The Miller Act provides the only basis for federal jurisdiction in the instant case. Any other claims put forth by Plaintiff in his Complaint are state law claims which bring no federal question into play. Furthermore, the United States is no longer a party to this action and Plaintiff has failed to file an Amended Complaint or properly serve MSS. Defendant Holliday,

a Mississippi Limited Liability Corporation, is presently the only party to this action that has been properly served and made an appearance. Plaintiff is also a Mississippi organization, and thus, there is no diversity of citizenship between Plaintiff and the sole defendant, Holliday. Also, the amount in controversy is less than the $75,000.00 requirement for jurisdiction under 28 U.S.C. § 1332. (*See* Compl. [1-1].) Accordingly, any remaining claims by Plaintiff will also be dismissed without prejudice to Plaintiff's right to assert them in a state forum.

## CONCLUSION:

Upon consideration of the facts in the record, the motion and memorandum of the mover, the response in opposition, and the law, the Court finds that Defendant Holliday is entitled to summary judgment in its favor on Plaintiff's Miller Act claims. There is no genuine dispute that no labor and/or materials were supplied on the project after June 26, 2006, and no suit was filed by Plaintiff prior to June 26, 2007 (or prior to August 10, 2007 when the instant Complaint was filed), and thus Plaintiff's claims are time-barred under the Miller Act, 40 U.S.C. § 3131, *et. seq*. Accordingly, the Court finds that summary judgment should be granted in Defendant's favor and Plaintiff's Miller Act claim dismissed with prejudice. To the extent Plaintiff has raised other claims beyond the Miller Act, this Court finds that those remaining claims should be dismissed without prejudice to Plaintiff's right to assert them in a state forum. A separate order will be entered in accordance with the provisions of FED. R. CIV. P. 58.

**SO ORDERED** this the ___30th___ day of March, 2010.

_____s/ John M. Roper, Sr.____

CHIEF UNITED STATES MAGISTRATE JUDGE